UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       NO. 99-188

ROBERT DIXON                                 SECTION "N" (2)

## **ORDER AND REASONS**

Before the Court is a pleading filed by defendant, Robert Dixon ("Dixon"), styled as "Pro Se Nunc Pro Tunc Motion to Correct Defendant's Illegal Sentence Based on the District Court's Lack of Subject Matter Jurisdiction." Essentially, Dixon asserts that his sentence should be reconsidered under an application of *Booker*[1] retroactively, so as to eliminate a two-level firearm enhancement imposed by the District Judge[2] to a term of one hundred thirty-five (135) months.

The record reflects that Dixon, upon entering his guilty plea, waived his right to contest his sentence by appeal or in a post-conviction proceeding. *See* Rearraignment Transcript (Rec. Doc. 66, p. 6). *See also* October 26, 1999 letter submitted to this Court under Criminal Docket 99-188

---

[1] *United States v. Booker,* 125 S.Ct. 738 (2005).

[2] Dixon was sentenced by the Hon. Edith Brown Clement.

1

N, pursuant to *Bryan v. United States,* 492 F.2d 775 (1974), p. 2,[3] signed by AUSA Maurice E. Landrieu, Jr., defense counsel Anderson Council, and Dixon himself.

On March 24, 2000, Dixon filed a motion for leave to file an out of time notice of appeal, which was denied on April 6, 2000 (Rec. Docs. 57).  Nonetheless, Dixon availed himself of 28 U.S.C. § 2255 in filing his first motion to vacate sentence on June 27, 2001.  The Court denied that motion as well as his request for a Certificate of Appealability (Rec. Docs. 82, 88).  Dixon appealed the denial of his motion under § 2255, but that appeal was dismissed for failure to prosecute (Rec. Doc. 95).

Thereafter, citing Fed.R.Crim.Pro. 32, Dixon sought relief by letter dated June 2, 2003, but subsequently withdrew his request for relief, which the Court memorialized in Record Documents 99, 102 - 103.  In another letter to this Court dated February 1, 2005, Dixon requested assistance in identifying the procedure by which he could obtain sentencing relief, complaining again about the firearm enhancement.  *See* Rec. Doc. 112.  Treating this letter as a request for relief under § 2255, the Court found Dixon's request untimely, in addition to being barred by the waiver into which he

---

[3] The relevant provision stated:
> Except as otherwise provided in this paragraph, the defendant hereby expressly waives the right to appeal his sentence on any ground, including but not limited to any appeal right conferred by Title 18, United States Code, Section 3742 on the defendant, and the defendant further agrees not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255. The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum, and (b) any punishment to the extent it constitutes an upward departure from the Guideline range deemed most applicable by the sentencing court.

previously entered.  The Court also noted that *Booker* did not apply retroactively to cases on collateral review.  *See* Rec. Doc. 126.

Now, Dixon again seeks post-conviction relief, though he styles such a motion not under Section 2255, but as "Nunc Pro Tunc," again arguing that the firearm enhancement of his sentence violated his constitutional rights under *Booker*.

Despite changing the title, Dixon seeks precisely the same relief previously sought, which is denied for the reasons stated in this Court's February 3, 2006 Order and Reasons.  *See* Rec. Doc. 126.  Clearly, Dixon raises the identical issues with nothing more than a new title which, he argues,[4] removes this matter from the procedural bar to further consideration of a motion under 28 U.S.C. § 2255.  In essence, Dixon merely seeks retroactive application of *Booker,* which this Court has in the past, and does hereby again, deny.

For the reasons stated herein, the "Pro Se Nunc Pro Tunc Motion to Correct Defendant's Illegal Sentence Based on the District Court's Lack of Subject Matter Jurisdiction" be and is hereby **DENIED**.

New Orleans, Louisiana, this   27th   day of  August, 2007.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

---

[4] Dixon cites *Means v. Alabama,* 209 F.3d 1241 (11th Cir. 2000) and *United States v. Jordan,* 915 F.2d 622 (11th Cir. 1990), for the axiomatic principle "that federal courts must look beyond the labels of motions filed by pro se inmates to interpret them under whatever statute that would provide relief."  Such is precisely what this Court has done to determine that Dixon's requested relief is the same the Court previously addressed.